Dear Mr. Spruel:
You have requested an opinion of the Attorney General in your capacity as legal counsel to the Calcasieu Parish Communications District (District), regarding the applicability of the Public Bid Laws and the Louisiana Procurement Code to the purchase of used equipment by the District. You first ask whether the purchase of used equipment with public funds violates the bid laws.
Initially, it should be noted that LSA-R.S. 38:2211, et seq., — the Public Bid Law — governs purchases made by a public entity. The term "public entity" is defined in Section 1211(A)(1) to include any political subdivision. LSA-R.S.33:9101 authorizes the creation of communications districts as political and legal subdivisions of the state. Thus, the District falls within the purview of the bid laws.
LSA-R.S. 38:2212(A)(1)(a) requires that all purchases of any materials or supplies exceeding the sum of Ten Thousand and 00/100 ($10,000.00) Dollars to be paid out of public funds, be advertised and let by contract to the lowest responsible bidder. Purchases of Five Thousand and 00/100 ($5,000.00) Dollars or more, but less than Ten Thousand and 00/100 ($10,000.00) Dollars, may be accomplished by obtaining not less than three (3) telephone or facsimile quotations.
The Public Bid Law does not differentiate between new and used equipment. Therefore, the District must conform to the bid laws when purchasing used equipment. See Attorney General Opinion No. 83-608, attached for your reference.
In the event the equipment sought to be purchased is telecommunications or data processing equipment as defined by LSA-R.S. 38:2236, the District may elect to follow the provisions of LSA-R.S. 38:2234-2237, commonly referred to as the "Political Subdivisions Telecommunications and Data Processing Procurement Law". Section 2237(B) gives the District the option to procure such equipment utilizing any other law applicable to purchases by political subdivisions, including but not limited to LSA-R.S. 38:2211, et seq. We now focus on your second question — whether the District can adopt the provisions of LSA-R.S. 39:1645 in making the subject purchases.
Chapter 17 of Title 39 of the Louisiana Revised Statutes constitutes the Louisiana Procurement Code (Code). See LSA-R.S.39:1751-1755. While the Code is generally applicable to the Executive Branch of state government, Section 1554(E) grants political subdivisions the authority to adopt all or part of the Code.
Section 1645 grants agencies subject to the Code's provisions the authority to procure used equipment as follows:
 "A. Any agency covered by this Chapter may procure any equipment which is used or which has been previously purchased by an individual or corporation where the agency proposing to make such procurement can present satisfactory information to the procurement officer to illustrate that the procurement of said equipment is cost effective to the state.
 B. (1) The used equipment shall be purchased by the head of the agency within the price range set by the director of state purchasing in his statement of written approval for the purchase which must be obtained by the head of the agency prior to the purchase.
 (2) The head of the agency shall certify in writing to the director of state purchasing all of the following:
(a) The price for which the used equipment may be obtained.
 (b) The plan for maintenance and repair of the equipment and the cost thereof.
 (c) The savings that will accrue to the state because of the purchase of the used equipment.
 (d) The fact that following the procedures set out in the Louisiana Procurement Code will result in the loss of the opportunity to purchase the equipment." (Emphasis added.)
Should the District elect to adopt the provisions of Section 1645, it may utilize same in purchasing used equipment.
However, in the event the equipment being purchased is telecommunications or data processing equipment as defined by the Office of Telecommunications Management and/or LSA-R.S.39:1752, the District must conform to the statutory guidelines set out in LSA-R.S. 39:1751-1755. To the extent Section 1645 conflicts with Sections 1751-1755, the later controls as per Section 1755(6).
By telephone conversation on Monday, May 18, 1993, you requested our opinion on the applicability of the bid laws to equipment purchases between two local public entities. In answer to your question, I refer you to LSA-R.S. 38:2212(L), which provides:
 "L. The provisions of this Section shall not apply to a public entity purchasing surplus materials and supplies from another public entity or the government of the United States when the particular transaction is governed by the procurement code."
As can be gleaned from the above, the bid laws do not apply to purchases between two public entities (e.g., the District and the sheriff's office). However, the used equipment must be declared surplus and sold for an amount reasonably approximating its fair market value so as not to constitute a prohibited donation. See Article VII, Section 14(A) of the 1974 Louisiana Constitution.
Trusting this sufficiently answers your inquiries, I am,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb Enclosures 0095R